IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JORDAN LEDBETTER
and AARON SMITH, JR.                                           PLAINTIFFS

v.                                    Case No. 4:19-cv-4075

OFFICER DANIEL "FROG"
OLLER of the HOPE POLICE
DEPARTMENT in his Individual
and Official Capacities,
and THE CITY OF HOPE, ARKANSAS                                DEFENDANTS

**ORDER**

Before the Court is Defendants' Motion to Stay Proceedings Pending Criminal Disposition. (ECF No. 9). Plaintiffs have filed a response. (ECF No. 11). The Court finds this matter ripe for consideration.

**BACKGROUND**

Plaintiffs brought this action on June 25, 2019, seeking to enjoin Defendants—a police officer and the municipal entity employing him—from arresting them and seizing their property. (ECF No. 1, p. 3). Plaintiffs allege that on June 14, 2019, Defendants conducted an illegal search and seizure when the Hope Police Department, including Defendant Oller, raided Plaintiffs' home.[1] *Id.* at 2. During the raid, the police found marijuana and several firearms.[2] (ECF No. 10). Plaintiffs claim that they were not arrested during the raid and that the officers told them they could avoid being arrested if they would buy at least a pound of marijuana while wearing a camera and microphone. (ECF No. 1, p. 3). Plaintiffs allege that the police told them they had two weeks to make the buy or they would be arrested for the guns and drugs seized during the raid. *Id.*

---

[1] Plaintiffs allege that Defendant Oller told them he and the other officers were executing a felony arrest warrant for Plaintiff Smith on charges of aggravated assault and battery.
[2] There is conflicting evidence in the record is as to the exact number and location of firearms recovered during the raid.

On June 28, 2019, Plaintiffs were arrested on charges stemming from the June 14, 2019, raid.[3] (ECF No. 9-1). Plaintiffs are charged with: (1) simultaneous possession of drugs and firearms; and (2) possession of a schedule VI-controlled substance with the purpose to deliver. *Id*. These charges are currently being prosecuted by the State of Arkansas and have not yet been adjudicated. (ECF No. 10, p. 1). Plaintiffs' next scheduled court appearance is August 12, 2019, at 9:00 a.m. *Id.*

On July 17, 2019, Defendants filed the instant motion, arguing that the Court should stay this action pending the disposition of Plaintiffs' state criminal proceedings. (ECF No. 9). Specifically, Defendants argue that the Court should abstain from exercising jurisdiction over this matter pursuant to the *Younger* doctrine. *Id.* On July 30, 2019, Plaintiffs filed their response in opposition to Defendants' motion. (ECF No. 11). Plaintiffs argue that the Court should retain jurisdiction over this matter because Defendants' conduct amounts to harassment. (ECF No. 12, p. 2). Plaintiffs also argue that they will not able to challenge the illegal search and seizure in state court. *Id.*

## DISCUSSION

Generally, federal courts have a "virtually unflagging obligation" to exercise their jurisdiction in proper cases. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). "This exercise of jurisdiction is constrained, however, by traditional principles of equity, comity, and federalism." *Alleghany Corp. v. McCartney*, 896 F.2d 1138 (8th Cir. 1990). The United States Supreme Court has established several limited abstention doctrines to preserve such principles. *Beavers v. Ark. State Bd. of Dental Exam'rs*, 151 F.3d 838, 840-41 (8th Cir. 1998). One such abstention doctrine is set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

The *Younger* doctrine directs federal courts to abstain from accepting jurisdiction in cases where granting equitable relief would interfere with pending state proceedings involving important state interests. *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 477 n.1 (8th Cir. 1998).

---

[3] It appears that Plaintiffs elected not to purchase the marijuana.

The doctrine is a reflection of the public policy that disfavors federal court interference with state judicial proceedings and is based on the principles of comity and federalism. *See Ronwin v. Dunham*, 818 F.2d 675, 677 (8th Cir. 1987).

The *Younger* doctrine provides that federal courts must abstain from entertaining constitutional claims when: (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996). If all three factors are met, the federal court must abstain unless it detects "bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). This bad-faith exception must be "construed narrowly" and should only be invoked in "extraordinary circumstances." *Aaron v. Target Corp.*, 357 F.3d 768, 778-79 (8th Cir. 2004).

In general, the *Younger* abstention doctrine "directs federal courts to abstain from granting *injunctive* or *declaratory relief* that would interfere with pending judicial proceedings." *Night Clubs, Inc.*, 163 F.3d at 481 (emphasis in original). In such cases, *Younger* "contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts." *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973). In cases where damages are sought in the federal suit, "traditional abstention principles generally require a stay as the appropriate mode of abstention." *Night Clubs, Inc.*, 163 F.3d at 481 (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996)).

Upon consideration, the Court finds that the *Younger* abstention doctrine applies to this case. Plaintiffs' claim involves an ongoing state judicial criminal proceeding against Plaintiffs, the state clearly has an important interest in enforcing its criminal laws, and Plaintiff have given no indication, other than conclusory statements, as to why they cannot raise their constitutional claims during the

state criminal proceedings.  *See Conley v. Hiland*, No. 4:15-cv-0359-SWW, 2015 WL 4096152, at \*1 (E.D. Ark. July 7, 2015).  There is also no indication of bad faith or any other extraordinary circumstance that would make abstention inappropriate.  Plaintiffs argue that being arrested two weeks after the raid and spending a weekend in jail constitutes harassment sufficient to warrant retaining jurisdiction over this matter.  However, the Court finds that these facts do not amount to the extraordinary circumstances that provide an exception to the *Younger* doctrine.  *See Lewellen v. Raff*, 843 F.2d 1103, 1112 n.10 (8th Cir. 1988) (stating serious prosecutorial misconduct such as bringing charges with no reasonable expectation of valid conviction or attempting to chill first amendment expression is necessary to trigger bad-faith exception to *Younger*).  Moreover, because Plaintiffs seek injunctive relief, traditional abstention practices generally favor a dismissal of this action rather than a stay of proceedings.  *See Night Clubs, Inc.*, 163 F.3d at 481.  Thus, although Defendants have requested a stay pending the disposition of Plaintiffs' state criminal charges, the Court will instead dismiss this action.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendants' Motion to Stay Proceedings Pending Criminal Disposition (ECF No. 9) should be and hereby is **GRANTED IN PART** and **DENIED IN PART**.  As noted above, the Court is bound to dismiss this action because Plaintiffs seek only injunctive relief.  Accordingly, this action is **DISMISSED WITHOUT PREDJUDICE**.[4]

**IT IS SO ORDERED**, this 7th day of August, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[4] Defendants' Motion for Leave to File a Reply to Plaintiffs' Response to Defendants' Motion to Stay Proceedings Pending Criminal Disposition (ECF No. 13) is hereby **DENIED AS MOOT**.